WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 12-08135-PCT-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Harry McCabe, Sr. | |
| Defendant. | |

Pending before the Court is Defendant's Motion for New Trial (Doc. 100). The Court now rules on the Motion.

**I.  BACKGROUND**

On November 29, 2012, after a three day trial in this case, a jury returned verdicts finding Defendant guilty of assault with a dangerous weapon, assault resulting in serious bodily injury, and use of a firearm in a crime of violence.

Thereafter, on December 13, 2012, Defendant filed the pending Motion for New Trial. In his Motion for New Trial, Defendant claims that the translation by the Navajo interpreter that assisted him during the first two days of the trial was so inadequate as to deny him his right to due process under the Fifth Amendment of the Constitution. Defendant further claims that his rights to equal protection under the law, confrontation of witnesses, and a fair trial are implicated because he was allegedly not provided an adequate translation of the Court proceedings.

Defendant concedes that simultaneous interpretation was not necessary because Defendant has a basic understanding of the English language. Defendant argues,

however, that he required more in-depth interpretation during the Government's presentation of witnesses. Defendant claims that, during recesses, he made requests of the interpreter to explain to him what happened in the previous proceedings, but the summaries that the interpreter gave "did not include pertinent information that could have been used to assist [Defendant] in his trial." (Doc. 100 at 3). Defendant argues that "[t]he interpreter's inability to convey the proceedings, even through summaries, on the first two (2) days of trial infringed on [Defendant's] [sic] to communication with counsel and participate in his own defense as well as his ability to confront and cross-examine the crucial witnesses against him." (Doc. 100 at 7).

The Court notes that the basis of Defendant's Motion is particularly surprising given the sidebar conversation the Court had with counsel on the first day of trial.[1] In that conversation, the Court sua sponte identified and raised the issue with Defendant that the (now-challenged) interpreter did not appear to be simultaneously interpreting for Defendant. Defense counsel assured the Court that Defendant did not need or want simultaneous interpretation and would ask the interpreter any questions as needed. The Court has a difficult time understanding how, after it brought this issue to the attention of the experienced, knowledgeable defense team in this case (and, by implication, Defendant), Defendant still failed to inform the Court of any issues that arose with the interpretation provided. Nonetheless, the Court will now address the merits of Defendant's Motion.

Defendant attached an affidavit to his Motion for New Trial, wherein he states, in relevant part:

> 5. I had a difficult time understanding the interpreter who was there to assist me during the first two days of the trial of this matter. Specifically, I asked that interpreter to interpret while Mr. Woodie testified and while Dr. Moore testified and she only briefly summarized what the witnesses said. The summaries did not make sense and did not help me understand the testimony.

---

[1] The sidebar conversation is set forth on pages 9-10 of this Order.

> 6. I did not have an opportunity to discuss the interpretation with my attorney or the Court during the trial. I was not allowed private conversations with my attorney during breaks or recesses.

(Doc. 100-1 at 1).

Defendant requests that the Court hold an evidentiary hearing prior to making a determination of whether a new trial should be granted.

In Response, the Government has provided an affidavit provided by the interpreter who interpreted for Defendant during the first two days of trial. That affidavit disputes Defendant's version of events and provides, in pertinent part,

> During the second day of trial, neither Defendant nor Defense Counsel ever asked me to provide simultaneous interpretation, or any interpretation, of any kind.
> . . .
> There were breaks during the two days of trial of sufficient length during which either Defendant or his attorneys could have articulated to me if there were problems or concerns with my services. During these 2 days, neither Defendant nor his attorneys expressed any concerns to me.
> . . .
> Defendant never asked me to provide summaries of the testimony that had been provided. I never provided summaries of the testimony that had been provided.

Doc. 107-1 at 3, ¶¶ 16, 18, 19.

Although the Government joined in the request for an evidentiary hearing, it requested that Defendant be appointed a new attorney and that the attorney-client privilege regarding matters relating to the Motion for New Trial be deemed waived. (Doc. 103 at 15-16).

In Reply, Defendant claimed that "an evidentiary hearing on Mr. McCabe's motion would reveal no privileged attorney-client information, so there is no need to order his attorney-client privilege waived or to disqualify his current counsel from such a hearing." (Doc. 106 at 1).

## II. THE REQUEST FOR AN EVIDENTIARY HEARING

On January 29, 2013, after reviewing the briefing on the Motion for New Trial and having concerns about a possible waiver of attorney-client privilege that might occur during an evidentiary hearing, the Court issued an Order asking Defendant to choose one of three choices as to how the Court should proceed on his Motion for New Trial. Specifically, the Court asked Defendant to inform the Court:

> (1) whether he requests new counsel for the evidentiary hearing; (2) whether he requests that the Court rule on the pending Motion for New Trial without an evidentiary hearing; or (3) whether he wishes to proceed with the evidentiary hearing with his current counsel despite the possibility of a waiver of attorney-client privilege depending on the testimony elicited during such evidentiary hearing. Such Notice shall convey Defendant's consent to the option with which he chooses to proceed.

Doc. 108 at 4-5.

In his Notice in response to the Court's Order, Defendant declined to choose any of the three options provided by the Court. Rather, Defendant stated that he wished to proceed with the evidentiary hearing, with his current counsel, and did not wish to waive attorney-client privilege. (Doc. 109 at 1). Defendant reiterated that "any questions that would delve into the attorney-client relationship would be irrelevant to whether the interpretations during trial sufficiently protected [his] constitutional rights." (*Id.*). Defendant further stated that "[t]o the extent the Court believes that a waiver of the privilege might be appropriate at a future evidentiary hearing, [Defendant] requests that the parties be permitted to litigate the scope of the waiver and moves the Court set a briefing schedule to accomplish this." (*Id.*).

The request for further briefing on the waiver of attorney-client privilege is denied. Defendant has been given ample opportunity to brief the issue of waiver of attorney-client privilege as related to his Motion for New Trial and has declined to do so. Defendant has instead relied on his own conclusory assertions that an evidentiary hearing

- 4 -

on his motion would reveal no privileged attorney-client information. (*See* Doc. 106; Doc. 109). Further, the Court questions whether it could possibly decide whether a waiver would occur during an evidentiary hearing in advance of such hearing taking place. In either case, Defendant has failed to justify his failure to choose one of the options the Court gave to him regarding proceeding with an evidentiary hearing in light of a possible waiver of attorney-client privilege.

In light of Defendant's failure to comply with the Court's Order, the Court's concerns about Defendant's potential waiver of attorney-client privilege, and the full briefing on the Motion for New Trial, the Court finds that the best course of action is to rule on the Motion for New Trial without an evidentiary hearing. Moreover, the Court need not conduct an evidentiary hearing if the Court "is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial . . . ." *U.S. v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991). Thus, even if the Court did not have the aforementioned concerns, because the Court finds that Defendant's allegations lack credibility (as will be discussed below), no evidentiary hearing is necessary.

### III. THE MOTION FOR NEW TRIAL

Pursuant to Federal Rules of Criminal Procedure 33(a), "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a).

As discussed above, Defendant argues that the translation of the Navajo interpreter that assisted him during the first two days of the trial was so inadequate as to deny him his right to due process under the Fifth Amendment of the Constitution. Defendant further claims that his right to equal protection under the law, confrontation of witnesses, and a fair trial are implicated because he was allegedly not provided an adequate translation of the Court proceedings.

In Response, the Government argues that the Court should deny Defendant's

request for new trial because: (1) Defendant received adequate assistance from the Navajo Interpreter and his claim to the contrary is not credible; and (2) even if the Navajo Interpreter did not provide simultaneous interpretation for two of the Government's witnesses, it did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

### A. The Standard of Review

The Government argues that any error that may have occurred with regard to the interpretation provided to the Defendant at trial must be reviewed for "plain error" because Defendant failed to make any objection or otherwise bring any issue regarding the interpretation of proceedings to the Court's attention during trial.

Defendant disputes that this is the appropriate standard of review. Rather, Defendant argues that the Court must decide whether the "interests of justice" require a new trial in this case. Defendant claims that any objection during trial was made impossible because his in-custody status prevented him from informing his counsel about any inadequacies in the interpretations provided. Defendant further argues that his counsel's lack of proficiency in the Navajo language prevented her from monitoring the interpreter's technique for compliance with the Court Interpreters Act, 28 U.S.C. § 1827 and judiciary policy.

When a defendant fails to raise a legal objection at trial and raises the objection for the first time after trial, the Court reviews for plain error. *See, e.g.*, *U.S. v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006) (citing Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention") and CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 856, at 490-514 (3d ed. 2004)); *U.S. v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002). Under the plain error standard, relief is not warranted unless the defendant can show that there has been (1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings. *U.S. v. Benz*, 472 F.3d 657, 659 (9th Cir. 2006) (internal citation omitted); *see Geston*,

299 F.3d at 1134-35.

Defendant argues that it is inappropriate to apply the plain error standard in this case because application of such standard must be based on the assumption that Defendant's challenge to the adequacy of the interpreter's skills requires a contemporaneous objection.

With regard to Defendant's contention that he could wait until receipt of an unfavorable jury verdict to bring alleged violations of his constitutional rights to the Court's attention or to otherwise object to the alleged violation of those constitutional rights, Defendant has provided no support for this contention. Defendant has presented no credible reason for his failure to bring the allegedly inadequate interpretation to the Court's attention during the trial itself.

Defendant claims that he did not have an opportunity to discuss the allegedly inadequate interpretation with his attorney or the Court during trial and that he was not allowed private conversations with his attorney during breaks or recesses. First, it is not at all clear to the Court how Defendant was denied an opportunity to speak to his attorney during breaks, recesses, or during the trial itself or why Defendant could not have simply asked his attorney to request a recess so that he could speak to his attorney. It is also not clear to the Court why a conversation regarding the inadequacy of the interpretation needed to be "private." Defendant avows that he has a basic understanding of English. Defendant was able to convey his dissatisfaction with the interpreter to his attorney after the trial concluded. Defendant does not claim that his failure to speak English prevented him from discussing the inadequacy of the interpretation with his attorney or the Court during trial, nor does he claim that he even attempted to do so.

Rather, Defendant's sole reason for not bringing the allegedly inadequate interpretation to his attorney's attention was that he "was not allowed private conversations with [his] attorney during breaks or recesses." (Doc. 100-1). However, Defendant has failed to provide any support for his assertion that he was not allowed to have a conversation with his attorney during breaks, recesses, the trial itself or that he

was otherwise deprived of his right to speak to his attorney about any matter.

Defendant alleges that the summaries of Mr. Woodie's and Dr. Moore's testimony during the first two days of trial "did not make sense and did not help [Defendant] understand the testimony." (Doc. 100-1). Defendant offers no explanation for his inability to bring such inadequacies to his counsel's or the Court's attention during trial.[2] There is no doubt in this case that if Defendant had made a timely objection, the Court could have addressed the problem at that time and an entire new trial could have been avoided and yet, Defendant failed to do so. As such, Defendant has failed to present any reason why the Court should not apply the plain error standard of review, which applies when a plain error that affects substantial rights was not brought to the court's attention.

**B. Analysis**

Defendant has failed to carry his burden of demonstrating that there was a plain error in this case. Even if Defendant had demonstrated that there was plain error in this case, Defendant has failed to show that any such error affected his substantial rights.

As discussed above, Defendant and the interpreter have submitted conflicting affidavits regarding the interpretation in this case.

Defendant states, in relevant part:

> 5. I had a difficult time understanding the interpreter who was there to assist me during the first two days of the trial of this matter. Specifically, I asked that interpreter to interpret while Mr. Woodie testified and while Dr. Moore testified and she only briefly summarized what the witnesses said. The summaries did not make sense and did not help me understand the testimony.

---

[2] The Government argues that the credibility of Defendant's assertion that the interpreter was inadequate is undermined by the fact that the challenged interpreter served as the interpreter for Defendant on five different occasions through Defendant's case; namely: (1) the arraignment for the superseding indictment, (2) the evidentiary hearing on Defendant's Motion to Suppress, (3) the final pretrial conference, (4) the first day of trial, and (5) the second day of trial, and Defendant never complained about the adequacy of the interpretation provided. The Court agrees.

6. I did not have an opportunity to discuss the interpretation with my attorney or the Court during the trial. I was not allowed private conversations with my attorney during breaks or recesses.

(Doc. 100-1 at 1).

The interpreter states, in pertinent part,

> During the second day of trial, neither Defendant nor Defense Counsel ever asked me to provide simultaneous interpretation, or any interpretation, of any kind.
> . . .
> There were breaks during the two days of trial of sufficient length during which either Defendant or his attorneys could have articulated to me if there were problems or concerns with my services. During these 2 days, neither Defendant nor his attorneys expressed any concerns to me.
> . . .
> Defendant never asked me to provide summaries of the testimony that had been provided. I never provided summaries of the testimony that had been provided.

Doc. 107-1 at 3, ¶¶ 16, 18, 19.

After review of these affidavits, the Court finds that the interpreter's testimony is credible because it comports with the Record in this case.

As noted above, the following discussion occurred at sidebar on November 27, 2012 (the first day of trial) at 10:54 a.m.:

> The Court: Let me see counsel at sidebar.
> (The following discussion was had at sidebar out of the hearing of the jury:)
> The Court: [The Courtroom Deputy] just called to my attention that the interpreter's [sic] not interpreting. Is the interpreter just on stand-by or what's the deal?
> Ms. Sitton [Defense Counsel]: Yes, Your Honor.
> The Court: All right. So, in other words, your client has some facility with English but the interpreter is there just as needed?
> Ms. Sitton: Yes. And we spoke with both the interpreter and the defendant prior to court this morning and

> he has agreed to make sure that he funnels any questions that
> he might have through her, if necessary.
> The Court: All right. Okay. I assumed that but I
> wanted to make sure.
> All right. Thank you.
> (End of discussion at sidebar).

Proceedings Held at the Bench on November 27, 2012 at 10:54 a.m. (attached hereto as Exhibit A).

Because the Court finds the interpreter's affidavit to be credible and does not find Defendant's affidavit to be credible, Defendant has failed to demonstrate that plain error occurred. Further, Defendant has failed to demonstrate that his rights were affected by his failure to understand the technical aspects of Mr. Woodie's and Dr. Moore's testimony or that his failure to understand the entirety of those witnesses' testimony seriously affected the fairness, integrity, or public reputation of the judicial proceedings.[3]

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for New Trial (Doc. 100) is denied.

**IT IS FURTHER ORDERED** that Defendant's First Motion to Continue Sentencing (Doc. 110) is denied as moot.

Dated this 6th day of February, 2013.

James A. Teilborg
United States District Judge

---

[3] Even if the Court found that the plain error standard was inappropriate in this case and applied "the interest of justice" standard (as advocated by Defendant), the Court's ultimate conclusion regarding the Motion for New Trial would not change.

Exhibit A

```
 1                  UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF ARIZONA
 2                   _____

 3   United States of America,      )
                                    )
 4                                  )
               Plaintiff,           )
 5                                  )
           vs.                      )   CR 12-8135-PCT-JAT
 6                                  )
     Harry McCabe, Sr.,             )   Phoenix, Arizona
 7                                  )   November 27, 2012
                                    )   10:54 a.m.
 8             Defendant.           )
     _____ )
 9

10

11             REPORTER'S TRANSCRIPT OF PROCEEDINGS

12              (Jury Trial - Excerpted Proceedings)

13

14        BEFORE:  THE HONORABLE JAMES A. TEILBORG, JUDGE

15

16

17

18

19

20
     Official U.S. Court Reporter:
21   David C. German, RMR, CRR
     Sandra Day O'Connor U.S. Courthouse, Suite 312
22   401 West Washington Street, SPC-39
     Phoenix, Arizona 85003-2151
23   (602) 322-7251

24
     PROCEEDINGS TAKEN BY STENOGRAPHIC COURT REPORTER
25   TRANSCRIPT PREPARED BY COMPUTER-AIDED TRANSCRIPTION
```

```
 1  APPEARANCES:

 2  For the Government:       Cassie Bray Woo
                              Brian E. Kasprzyk
 3                            Assistants U.S. Attorney
                              Two Renaissance Square
 4                            40 N. Central Avenue, Suite 1200
                              Phoenix, Arizona 85004-4408
 5                            (602) 514-7500

 6
     For the Defendant:       Kristina Sitton
 7                            Gerald A. Williams
                              Deputies Federal Public Defender
 8                            District of Arizona
                              850 W. Adams Street, Suite 201
 9                            Phoenix, Arizona 85007
                              (602) 382-2700
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    Phoenix, Arizona
                     November 27, 2012
 2

 3          (The following excerpted proceedings took place at

 4   10:54 a.m.)

 5

 6          THE COURT:  Let me see counsel at sidebar.

 7          (The following discussion was had at sidebar out of

 8   the hearing of the jury:)

 9          THE COURT:  Ms. Bengtson just called to my attention

10   that the interpreter's not interpreting.  Is the interpreter

11   just on stand-by or what's the deal?

12          MS. SITTON:  Yes, Your Honor.

13          THE COURT:  All right.  So, in other words, your

14   client has some facility with English but the interpreter is

15   there just as needed?

16          MS. SITTON:  Yes.  And we spoke with both the

17   interpreter and the defendant prior to court this morning and

18   he has agreed to make sure that he funnels any questions that

19   he might have through her, if necessary.

20          THE COURT:  Okay.  I assumed that but I wanted to

21   make sure.

22          All right.  Thank you.

23          (End of discussion at sidebar.)

24

25
```

C E R T I F I C A T E

I, DAVID C. GERMAN, Official Court Reporter, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the proceedings and testimony reported by me on the date specified herein regarding the afore-captioned matter are contained fully and accurately in the notes taken by me upon said matter; that the same were transcribed by me with the aid of a computer; and that the foregoing is a true and correct transcript of the same, all done to the best of my skill and ability.

DATED at Phoenix, Arizona, this 4th day of February, 2013.

s/David C. German
DAVID C. GERMAN, RMR, CRR